Edward M. O’Gorman, J.
This is an article 78 proceeding to review a determination of the respondent declaring petitioners ineligible for public housing accommodations. Petitioners applied for an apartment in respondent’s low income housing project. An apartment was assigned and petitioners paid a security deposit, together with one month’s rent. However, prior to their moving into the apartment, petitioners were notified that respondent had now declared them ineligible for admission. The ground assigned for this determination was that the application which was filed was fraudulent, in that it did not indicate that the petitioner Vincent Spady had, on prior occasions, been known by a different name. It is respondent’s contention that under a different name the said Vincent Spady was the subject of a prior arrest on October 11, 1969, and that he had thereafter been certified in January of 1970 to the jurisdiction of the Narcotics Addiction Control Commission.
Petitioners contend that the respondent exceeded its authority and acted arbitrarily in declaring them ineligible for an apartment. It is the contention of Vincent Spady that at the time of his application, he had been completely rehabilitated as a result of his participation in the methadone program of the Narcotics Addiction Control Commission and that he was no longer addicted to dangerous drugs. Petitioner further contends that he had been gainfully employed until recently, at which time the termination of his employment was based on the exigencies of the business, and that he was highly regarded by his employer and was otherwise fully rehabilitated. It is petitioner’s contention that the sole reason for the refusal of the apartment at this time was his former addiction to narcotic drugs and not his present condition.
Eespondent, on the other hand, contends that after conferring with petitioner, it caused a subsequent investigation of his employment status to be made, and that as a result of that investigation was advised by petitioner’s employer that he had been discharged because of an involvement with drugs and (1 a lot of other things ”.
There is no dispute that the name used by petitioner on his application to the housing authority was actually his proper name. Inasmuch as he had not at any time been asked to indicate whether or not on any prior occasion he had used any other name, it would seem that petitioner was not guilty of any fraud in connection with his application.
*272 In view of all of the foregoing, I reach the following conclusion: The respondent is not required to hold a hearing in the first instance in determining the eligibility of a particular applicant for public housing accommodations. All that is required, if an applicant is found to be not eligible for admission as a tenant, is that the housing authority shall file in its office a written record stating the reasons for ineligibility and shall advise the applicant that he may be apprised of the reasons at a personal interview at the office of the authority (Public Housing Law, § 156-a; see Matter of Sumpter v. White Plains Housing Auth., 29 N Y 2d 420).
On the other hand, once an applicant has been accepted in public housing, he may not thereafter be removed therefrom without a hearing as to the grounds for his removal (see Matter of Williams v. White Plains Housing Auth., 35 A D 2d 965), and at this hearing he is entitled to those fair procedures which constitute due process.
In this case, the charge of fraud which was the basis for the original declaration of ineligibility is not substantiated by the facts, and therefore the applicant should not have been excluded from the public housing accommodation on that narrow ground alone. However, subsequent investigations now disclose that a sharp question of fact exists as to whether or not the petitioner Vincent Spady does in fact meet the standards of desirability as defined in title 9 of the Codes Rules and Regulations of the State of New York (9 NYCRR 1627-7.2).
It would seem to involve an unnecessary complexity of procedure to require acceptance of this applicant in the first instance and thereafter to schedule a hearing for his removal on the present charges. Therefore, in view of the unique circumstances presented in this case, a procedure should be adopted which will treat the applicant as though he had originally been accepted and was now about to be removed on charges that he had failed to meet statutory standards of desirability. As a consequence, the subject matter of the charges by the respondent should be set down for a hearing, at which hearing the petitioner shall be entitled to all of the safeguards as set forth in Matter of Williams (35 A D 2d 965, supra) and his right to be admitted to an apartment in the housing authority subject to respondent’s jurisdiction shall be determined by respondent only after such hearing.
■ The matter is remanded to respondent for further action in accordance herewith.